UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELMON PERRY WILLIS, JR.,

    Plaintiff,

v.                                      Case No:   5:18-cv-277-Oc-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Elmon Perry Willis, Jr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB and an application for SSI on August 10, 2014, alleging disability beginning November 13, 2005. (Tr. 275-76, 277-82). The applications were denied initially on October 30, 2014, and upon reconsideration on February 12, 2015. (Tr. 168-73, 176-85). Plaintiff requested a hearing and on October 18, 2016, and July 25, 2017, hearings were held before Administrative Law Judge ("ALJ") Kurt Ehrman. (Tr. 35-63, 79-123). At the second hearing, Plaintiff amended his alleged onset date to October 23, 2014. (Tr. 42-43). On August 16, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 16-28). Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April 27, 2018. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 4, 2018.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 23, 2014, the amended alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: history of tibia and fibula fractures with nonunion of fibula fracture and with foot drop of the left lower extremity; lumbar degenerative disc disease; and ACL tear and internal derangement of the left knee. (Tr.

19).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can stand and walk for about 2 hours, sit for up to 6 hours of an 8-hour workday with normal breaks; can lift up to 10 pounds; any continuous standing and walking should limited to 30 minutes followed by an option to sit for up to 5 minutes; no foot controls on the left; no climbing ladders, ropes, scaffolds, or stairs; can occasionally navigate ramps; occasionally balance, stoop, kneel, and crouch; no crawling; frequently reach and handle; must avoid even moderate (no more than occasional) exposure to extreme cold, extreme heat, wetness or humidity, loud noises, excessive vibration, environmental irritants including fumes, odors, dust, gases, poorly ventilated areas, and chemicals, and otherwise should avoid all industrial hazards; and should no more than occasionally operate a motorized vehicle.

(Tr. 22).  At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a tow truck driver and front desk clerk. (Tr. 26-27).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (Tr. 27).  Specifically, the ALJ found that Plaintiff could perform such occupations as order clerk, data checker, and scale attendant. (Tr. 28).  The ALJ concluded that Plaintiff had not been under a disability from October 23, 2014, the alleged onset date, through August 16, 2017, the date of the decision.  (Tr. 28).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the Commissioner erred by failing to fully and adequately consider the documentary evidence regarding Plaintiff's mental health. (Doc. 22

p. 6-11). Plaintiff argues that the ALJ failed to acknowledge evidence related to Plaintiff's mental health such as: (1) the fact he was prescribed medication related to mental health; (2) that he was twice referred for psychiatric consultation in May 2017; and (3) his testimony regarding emotional problems, anger problems, and his difficulty connecting with mental health providers given his Medicaid coverage. (Doc. 22 p. 6-7). In addition, Plaintiff argues that the Appeals Council erred by failing to consider material, non-cumulative evidence submitted after the ALJ's administrative decision was entered. (Doc. 22 p. 8-11).

In response, Defendant argues that the ALJ properly evaluated the evidence related to Plaintiff's mental impairments and the Appeals Council properly denied review because the newly submitted evidence did not raise a reasonable possibility of changing the ALJ's decision. (Doc. 23 p. 4-10).

Upon review of the ALJ's decision, the Court finds no reversible error in the ALJ's analysis of Plaintiff's mental impairments. The ALJ explained that Plaintiff's medically determinable mental impairments of anxiety and depression, considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were, therefore, nonsevere. (Tr. 20). In explaining this finding, the ALJ noted that Plaintiff had minimal treatment for mental impairments. (Tr. 20, 482-85). The ALJ observed that in March and April 2016, Plaintiff saw a therapist a few times. (Tr. 20, 482-85). The ALJ observed that the therapist noted that Plaintiff was somewhat anxious but did well expressing his feelings. (Tr. 20, 482-85). The ALJ also noted that Plaintiff had been stressed out due to relationship problems. (Tr. 20, 482-85).

The ALJ also noted that other providers had not noted any significant mental health signs or symptoms. (Tr. 20). For example, the ALJ noted that in both May and June 2017, Dr. Watson

indicated that Plaintiff's mood was normal and affect was appropriate. (Tr. 20, 548-49, 557-60). The ALJ also observed that Plaintiff had not required any psychiatric hospitalizations, and instead he had minimal treatment. (Tr. 20, 482-85). The ALJ noted that on one occasion in March 2016, Plaintiff reported that his medication made him feel shaky and hyperactive, but the ALJ found that there was no indication that his medication could not be adjusted as the clinician recommended Plaintiff discuss side effects with his doctor. (Tr. 20, 483). Additionally, the ALJ observed that Plaintiff suggested that he may have memory difficulties due to a traumatic brain injury from the motorcycle accident in 2005, but the ALJ found that this impairment had not been diagnosed by an acceptable medical source. (Tr. 20). Regardless, the ALJ noted that despite this accident, Plaintiff was able to work as an overnight front desk clerk at a hotel for about a year in 2011, and that this job was classified as semi-skilled, belying Plaintiff's claim of significant mental limitation. (Tr. 20, 56-57, 58, 92-93). The ALJ further noted that Plaintiff testified that he had some difficulties with this job due to pain, but that he did not allege any mental difficulties. (Tr. 20, 56-57, 92-93). Additionally, the ALJ noted that Plaintiff retained the mental capacity to drive independently and that at his first hearing, he testified that he had a valid driver's license and continued driving until he recently sold his car to pay some bills. (Tr. 20, 95-96).

In finding Plaintiff's mental impairments nonsevere, the ALJ also considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listings of Impairments. (Tr. 20). In the first functional area of understanding, remembering, or applying information, the ALJ found that Plaintiff had only a mild limitation. (Tr. 20). The ALJ recognized that Plaintiff alleged memory difficulties since his accident in 2005, but the ALJ found that the treatment records did not support more than mild difficulties with understanding, remembering, or applying information. (Tr. 20). He observed that Plaintiff was

able to work at a level that was considered substantial gainful activity after his accident and he was able to drive until he recently had to sell his car to pay bills. (Tr. 20-21, 56-57, 58, 92-93, 95-96). The ALJ also observed that the consultative examiner noted that Plaintiff's long and short-term memory appeared intact. (Tr. 21, 488). The ALJ also found that in the area of interacting with others, the treatment records did not support significant difficulties. (Tr. 21, 482-85).

The ALJ also noted that in the area is concentrating, persisting, or maintaining pace, Plaintiff had a mild limitation. (Tr. 21). The ALJ recognized that at the supplemental hearing, Plaintiff testified that he had difficulty focusing about a third of the day due to pain. (Tr. 21). However, the ALJ also noted that the treatment records did not show problems with his attention and concentration. (Tr. 21, 482-85). Additionally, as noted above, the ALJ observed that Plaintiff continued to be able to drive, which the ALJ noted required a good amount of focus and concentration. (Tr. 21, 95-96). Also, in the area of adapting or managing oneself, the ALJ noted that the treatment records did not support significant difficulties. (Tr. 21, 482-85). The ALJ noted that Plaintiff did not allege difficulties caring for himself or following his treatment as prescribed. (Tr. 21, 323, 482-85).

The Court does not find it appropriate to remand on the basis that the ALJ did not discuss Plaintiff's testimony, medication, and two referrals for mental health consultations. Plaintiff has failed to show that this evidence demonstrates limitations greater than those found by the ALJ in his RFC. The ALJ's analysis demonstrates that the ALJ was aware of and accepted that Plaintiff was diagnosed with depression but had found that the condition was not severe and did not result in additional limitations.

Turning to Plaintiff's contentions concerning the Appeals Council, the Court notes that the record shows Plaintiff submitted medical records from Gracepoint for the period of April 28, 2017

to May 24, 2017. The records show that Plaintiff was diagnosed with: persistent mood (affective) disorder, unspecified; a history of traumatic brain injury; personality disorder; major depressive disorder, recurrent episode, severe with psychosis; narcissistic personality disorder; and cannabis use. (Tr. 64-78).

A claimant is generally permitted to present new evidence at each stage of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007), and 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id*. An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§ 404.970(b), 416.1470(b)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

Here, Plaintiff has failed to show that the evidence submitted to the Appeals Council gives rise to a reasonable possibility that the administrative outcome would change. While Plaintiff notes that the Gracepoint evidence shows various mental diagnosis, the evidence does not contain findings showing functional limitations undermining the ALJ's RFC findings. As the Eleventh Circuit has noted, a diagnosis does not establish that an impairment is severe. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard"). The evidence from Gracepoint reveals, for example, that Plaintiff's appearance was casual; attitude and behavior showed signs of being normal; mood was irritable and labile, and affect was appropriate. (Tr. 67). Further, the records show that Plaintiff's speech

was normal; thought content was appropriate and psycho-motor was normal. (Tr. 67). Plaintiff had fair eye contact, insight was fair, and judgement was fair. (Tr. 67). Plaintiff denied suicidal or homicidal ideation. (Tr. 67). Although Plaintiff showed signs of depression, the ALJ acknowledged that Plaintiff had a medically determinable impairment of depression, and thus, this record does not support Plaintiff's argument. (Tr. 20-21, 67).

Plaintiff has failed to demonstrate that the ALJ and the Appeals Council committed reversible error by improperly considering evidence concerning Plaintiff's mental impairments. Accordingly, the Court affirms the Commissioner's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties